# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Louise Harris Daddeh, )<br>Personal Representative of the Estate of )<br>Moses Harris, )<br>     )<br>Plaintiff, )<br>     )<br>v. )<br>     )<br>Commonwealth of Massachusetts et al., )<br>     )<br>Defendants. )<br>     ) | C.A. NO. 1:23-CV-13116-GAO |

## COMMONWEALTH OF MASSACHUSETTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendants Commonwealth of Massachusetts, Massachusetts State Police ("MSP") officers John Does 6-9, and Massachusetts Environmental Police ("MEP") officers John Does12-13[1] (collectively, "Commonwealth Defendants") hereby move to dismiss Plaintiff Louise Harris Daddeh's ("Daddeh" or "Plaintiff") Complaint. The Complaint against the Commonwealth Defendants must be dismissed for at least two reasons: (1) pursuant to Fed. R. Civ. P. 12(b)(1), because sovereign immunity precludes subject matter jurisdiction over Plaintiff's claims; and (2) pursuant to Fed. R. Civ. P. 12(b)(6), because the Complaint fails to state a claim upon which relief may be granted.

---

[1] Undersigned counsel fully represents the Commonwealth of Massachusetts and John Doe MSP and MEP officers in their official capacities; undersigned counsel represents the John Doe MSP and MEP officers in their personal capacities only for the purposes of this Motion to Dismiss. If this case proceeds to discovery and John Doe defendants 6-9 and 12-13 are identified, it is to be determined whether undersigned counsel will represent them in their individual capacities.

## FACTUAL ALLEGATIONS[2]

Plaintiff brings suit as the personal representative of the estate of decedent Moses Harris ("Harris"). In the early hours of December 19, 2020, Harris and a Lowell Police Department ("LPD") officer interacted in a parking lot near the Concord River, culminating in Harris running from the LPD officer toward the river with the officer in pursuit. Compl. ¶¶ 16-32. The LPD officer lost sight of Harris in or at the bank of the river. *Id.* ¶ 33. Various other members of LPD and the Lowell Fire Department were involved in the search for Harris that night. *Id.* ¶¶ 36-39, 42. Further, the MSP sent two K-9 officers, an additional officer without a dog, and an Air Wing pilot to assist with the search. *Id.* ¶¶ 40-41. The MEP also responded to the search. *Id.* ¶ 43.

The search focused on the area immediately surrounding where Harris was last seen and none of the responding officers entered the Concord or Merrimack rivers. The search concluded after two hours. *Id.* ¶¶ 44-46. Tragically, Harris's body was found almost three months later, on March 7, 2021, in the Merrimack River. *Id.* ¶ 57.

## STANDARD OF REVIEW

Subject-matter jurisdiction, challenged here under Fed. R. Civ. P. 12(b)(1), is a threshold issue that courts address prior to examination of the merits. *See Ross v. Deutsche Bank Nat'l Tr. Co.*, 933 F. Supp. 2d 225, 229 (D. Mass. 2013) ("When presented with a motion to dismiss a claim under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), 'a district court...should ordinarily decide the 12(b)(1) motion first.'"), quoting *Ne. Erectors Ass'n of BTEA v. Sec'y of Labor, Occupational Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir. 1995). The party invoking federal jurisdiction, here the

---

[2] These facts are taken as true for the purposes of this Motion to Dismiss only.

Plaintiff, bears the burden of proving that the court from which they seek redress has jurisdiction over their claims. *See Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007), citing *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). For both 12(b)(1) and 12(b)(6) motions to dismiss, the Court must "take as true all well-pleaded facts in the Plaintiff's complaint ... and draw all reasonable inferences therefrom in the Plaintiff's favor." *Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009), citing *Muniz-Rivera v. United States*, 326 F.3d 8, 11 (1st Cir. 2003); *see also Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017), citing *Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326-27 (1st Cir. 2016).

To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss. *Id.* at 678

## I.    THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S COMPLAINT AGAINST THE COMMONWEALTH DEFENDANTS BECAUSE THE COMMONWEALTH HAS NOT WAIVED SOVERIGN IMMUNITY.

Plaintiff's Complaint must be dismissed pursuant to Fed R. Civ. P. 12(b)(1) because sovereign immunity precludes federal jurisdiction over Plaintiff's claims against the Commonwealth and John Does 6-9 and 12-13 in their official capacities. Under the

Eleventh Amendment, "states are immune ... from private suit in federal courts, absent their consent" for claims seeking money damages. *Greenless v. Almond*, 277 F.3d 601, 606 (1st Cir. 2002); *see also Lebrón v. Puerto Rico*, 770 F.3d 25, 32 (1st Cir. 2014) ("[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") (citation omitted). This immunity "extends 'to any entity that is an arm of the state,'" *Sepulveda v. UMass Corr. Health Care*, 160 F. Supp. 3d 371, 394 (D. Mass. 2016) (quoting *Wojcik v. Mass. State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002), as well as to "a state official in her official capacity," *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.").

Accordingly, Daddeh can establish the Court's subject matter jurisdiction over her claims against the Commonwealth *only* if either the Commonwealth has waived sovereign immunity or if Congress has abrogated it. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Wolski v. Gardner Police Dep't*, 411 F. Supp. 3d 187, 192 (D. Mass. 2019). Neither exception applies here. Courts apply a stringent test in determining whether there has been a waiver: the state, through its legislature, must have specified "[its] intention to subject itself to suit in *federal court*." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (emphasis in original); *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("[W]e will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'"), quoting *Murray v. Wilson*

*Distilling Co.*, 213 U.S. 151, 171 (1909).[3] Here, the Complaint lodges 16 purportedly separate counts against the Commonwealth Defendants:

1. Common law wrongful death;

2. Negligent wrongful death under G.L. c. 229 § 2(1);

3. Willful, wanton or reckless wrongful death under G.L. c. 229 § 2(2);

4. Loss of consortium under G.L. c. 231 § 85X;

5. Pain and suffering under G.L. c. 229 § 6;

6. Intentional or reckless infliction of emotional distress;

7. Negligent infliction of emotional distress;

8. Negligence;

9. Gross negligence;

10. Civil rights conspiracy under 42 U.S.C. § 1985(3);

11. Common law conspiracy;

12. Joint liability common law conspiracy;

13. Deliberate indifference under 42 U.S.C. § 1983;

14. *Monell* claim for an official policy or custom (Commonwealth only);

15. *Monell* claim for failure to train or supervise (Commonwealth only); and

16. Failure to train or supervise under G.L. c. 258, § 2 (Commonwealth only).

Daddeh has not identified any waiver or abrogation of sovereign immunity of the above counts, nor could she.  The Commonwealth has not waived immunity from suit as to these causes or action and Congress has not abrogated sovereign immunity.

---

[3] "Other than by an express statement, a state can waive its immunity by clear declaration that it intends to submit itself to the jurisdiction of a federal court." *Davidson*, 749 F.3d at 28. A clear declaration can be made "by participating in a federal program that requires waiver of immunity as an express condition, *id.* (*citing Atascadero*, 473 U.S. at 246–47), "or by affirmative litigation conduct," *id.* (*citing Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002). No such declaration has been made here.

a. **Counts 1-9, 11-12, and 16 Must Be Dismissed Because the Commonwealth has Not Waived, Nor has Congress Abrogated, the Commonwealth's Immunity in Federal Court for Actions Brought Under the Massachusetts Tort Claims Act.**

Counts 1-9, 11-12, and 16[4] are all subsumed under the Massachusetts Tort Claims Act ("MTCA"), which provides a comprehensive and uniform regime of tort liability for public employers and public employees acting in the scope of their employment. *Morrissey v. New England Deaconess Association Abundant Life Communities, Inc*., 458 Mass. 580, 590 (2010); *see also* G.L. c. 258, §2 ("The remedies provided under this Chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter ..."); *Gallant v. Worcester*, 383 Mass. 707, 710-15 (1981) (actions for wrongful death under G.L. c. 229 are cognizable under c. 258); *Coughlin v. Dep't of Correction*, 43 Mass. App. Ct. 809, 814 (1997) (same); *McNamara v. Honeyman*, 406 Mass. 43, 46 (1989) (gross negligence falls under the MTCA); *Lafayette Place Assoc. v. Boston Redevelopment Auth.*, 427 Mass. 509, 533-34 (1998) (intentional torts fall under the MTCA).[5]

The MTCA operates as a limited waiver of Eleventh Amendment immunity. As a preliminary matter, this waiver does not extend to intentional torts, which may not be

---

[4] Common law wrongful death; Negligent wrongful death under G.L. c. 229 § 2(1); Willful, wanton or reckless wrongful death under G.L. c. 229 § 2(2); Loss of consortium under G.L. c. 231 § 85X; Pain and suffering under G.L. c. 229 § 6; Intentional or reckless infliction of emotional distress; Negligent infliction of emotional distress; Negligence; Gross negligence; Common law conspiracy; Joint liability common law conspiracy; Failure to train or supervise under G.L. c. 258, § 2.

[5] Common law conspiracy is an intentional tort. *See Dobelle v. Flynn*, 12 F. Supp. 3d 274, 292 (D. Mass. 2014), citing *Wentworth Precious Metals, LLC v. City of Everett*, No. Civ. A. 11-10909-DPW, 2013 WL 441094, at *14 (D. Mass. Feb. 4, 2013) (although G.L. c. 258, § 10(c) "does not specifically enumerate conspiracy, [it] still contemplates such claims 'by the language of § 10(c) in that the essence of civil conspiracy is the intent to act in concert with another to the detriment of a third party'") (internal citation omitted).

brought against the Commonwealth, its agencies, or public employees acting the scope of their employment, in any court. *See* G.L. c. 258, § 10(c) (the Commonwealth is immune from suit on any claim arising out of an intentional tort, expressly including assault, battery, malicious prosecution, malicious abuse of process, and invasion of privacy); *Nelson v. Salem State Coll.*, 446 Mass. 525, 537 (2006). Where the MTCA does waive immunity (for matters of negligence), it provides that "public employers shall be liable ... in the same manner and to the same extent as a private individual .... [and][t]he **superior court** shall have jurisdiction of all civil actions brought against a public employer." G. L. c. 258, §§ 2, 3 (emphasis added). As referenced above, "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst*, 465 U.S. at 98 (emphasis in original). Importantly, the "'language [of § 3 cited above] does not refer to actions in federal court, hence failing to meet the strict standard of eleventh amendment waiver . . . . This [is] an end to the matter ....'" *Rivera v. Com. of Mass.*, 16 F. Supp. 2d 84, 87 (D. Mass. 1998), quoting *Della Grotta v. Rhode Island*, 781 F.2d 343, 346 (1st Cir. 1986) (overruled on other grounds, *Will*, 491 U.S. at 71).

As a federal court, this Court lacks subject-matter jurisdiction over all claims brought against the Commonwealth and John Does 6-9 and 12-13 in their official capacities under the MTCA, and those counts must be dismissed.

**b. Counts 10 and 13-15 Must Be Dismissed Because the Commonwealth has Not Waived, Nor has Congress Abrogated, the Commonwealth's Immunity in Federal Court for Actions Brought Under 42 U.S.C. § 1983 or § 1985.**

Counts 10 and 13-15[6] allege violations of 42 U.S.C. § 1983 or 1985. However, it is well-settled law that "[c]ongress has not abrogated, and Massachusetts has not waived, its Eleventh Amendment immunity for civil-rights claims brought under 42 U.S.C. § 1983 or § 1985." *Cline v. Burke*, No. CV 22-40115-FDS, 2023 WL 4493497, at *3 (D. Mass. July 12, 2023), citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 662 (1st Cir. 2010).

Plaintiff's Section 1983 and 1985 claims also are barred because the Commonwealth Defendants, in their official capacities, are not persons subject to suit. To bring a claim for monetary damages pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some "person" acting under color of law deprived him of any "rights, privileges or immunities secured by the Constitution." *Id.* It is well settled that the states and their agencies and departments are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 for monetary damages. *See Will*, 491 U.S. at 70-71; *Graham*, 473 U.S. at 165-166.

Accordingly, this Court lacks subject-matter jurisdiction over all claims brought against the Commonwealth and John Does 6-9 and 12-13 in their official capacities under 42 U.S.C. § 1983 or 1985, and those counts must be dismissed.

---

[6] Civil rights conspiracy under 42 U.S.C. § 1985(3); Deliberate indifference under 42 U.S.C. § 1983; *Monell* claim for an official policy or custom; *Monell* claim for failure to train or supervise.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE COMMONWEALTH DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES.[7]

Daddeh's claims against the Commonwealth Defendants must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. As noted above, to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "[a] plaintiff is obligated to provide the 'grounds' of his entitle[ment] to relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not suffice." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under

---

[7] The Complaint asserts that John Does 6-9 and 12-13 are sued in their official and personal capacities. However, the Commonwealth Defendants submit that this caption is insufficient to lodge a personal claim against them, and the complaint should be read as naming them in their official capacities only. *See*, *e.g.*, *Pena v. Gardner*, 976 F.2d 469, 474 (9th Cir. 1992), *as amended* (Oct. 9, 1992) (Nelson, J., concurring) (courts must "analyze the specifics of the conduct involved when determining whether a suit is against an official in his or her 'official' or 'individual' capacity" and not merely "glance at the caption"). Individual capacity suits are appropriate where a complaint alleges actions beyond the scope of a person's designated powers or where the official commits an unconstitutional act. *Id.* Here, Daddeh alleges nothing remotely suggesting *ultra vires* action on the part of the Commonwealth Defendants, nor does the Complaint allege any specific action on the part of individual Commonwealth employees, let alone constitutional violation. On the contrary, the gravamen of the complaint is clearly directed toward an allegedly inadequate response on the part of the state *agencies*—Massachusetts State Police and Massachusetts Environmental Police—who employed John Does 6-9 and 12-13, and the complaint should be so interpreted, despite plaintiffs' inclusion of the word "individual." So interpreted, as previously discussed, Plaintiff's suit is barred in its entirety in this Court by the Eleventh Amendment. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997) ("[t]he real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading"); *Bradley-Aboyade v. Crozier*, No. 2:19-CV-01098-TLN-AC, 2020 WL 4475088, at *8 (E.D. Cal. Aug. 4, 2020) (allowing motion to dismiss and finding that "[t]he Eleventh Amendment therefore applies and bars Plaintiff's claim" despite naming defendant in individual capacity where, based on the allegations of the complaint, defendant "was acting within his official rather than individual capacity").

some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008). Here, the sum total of Daddeh's allegations against MSP John Does 6-9 and MEP John Does 12-13 is that these unnamed officers were among those dispatched to assist in the search for Harris, that they, along with local authorities engaged in the search and focused their search on the area in which Harris had last been seen, that they did not actually enter the Concord or Merrimack Rivers, and that search was abandoned after two hours. *See generally* Compl.  No specific actions are attributed to any defendant; the allegations are lodged generally against all searchers. In particular, Daddeh identifies nothing specific that any of the Commonwealth John Does is alleged to have done.

The complaint accordingly includes no allegations stating, hinting, or in any way suggesting that any of the Commonwealth Defendants ever interacted with Harris, or ever communicated with anyone about Harris except in the context of being summoned to a search and rescue mission. Therefore, there can be no plausible suggestion that any of the Commonwealth Defendants personally engaged in an intentional tort or committed a civil rights violation against Harris in connection with those events. *See*, *e.g.*, *Soto v. Flores*, 103 F.3d 1056, 1061-62 (1st Cir. 1997), *cert. denied*, 522 U.S. 819 (1997) (to bring a claim under Section 1983 a plaintiff must allege conduct which would constitute, or at least plausibly suggest, a deprivation of constitutional rights). Similarly, there can be no plausible suggestion, from these allegations, that any of the Commonwealth Defendants personally engaged in conspiracy—no agreement has been alleged. *See*, *e.g.*, *Ziglar v. Abbasi*, 582 U.S. 120, 150 (2017) ("Conspiracy requires an agreement – and in particular an agreement to do an unlawful act – between or among two or more separate persons."); *Kyte v. Philip Morris*, *Inc*., 408 Mass. 162, 167 (1990) (conspiracy claim must fail where

the "record shows that there was no common design or concerted action between [alleged conspirators]"). Finally, even if Daddeh had alleged any specific actions taken by the Commonwealth Defendants, which she has not, a claim of negligence against individual capacity Commonwealth employees acting within the scope of their employment is barred by the immunity provisions of the MTCA. *See* G.L. c. 258 § 2.

Accordingly, Daddeh's complaint against the Commonwealth Defendants in their individual capacities should be dismissed.

## CONCLUSION

WHEREFORE, the Commonwealth Defendants respectfully request that this Honorable Court dismiss the Plaintiff's Complaint against them in its entirety.

Defendants,
COMMONWEALTH OF MASSACHUSETTS,
MASSACHUSETTS STATE POLICE JOHN
DOES 6-9, AND MASSACHUSETTS
ENVIRONMENTAL POLICE JOHN DOES
12-13
By their Attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Rachel Brown*
Rachel Brown, BBO#667369
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place
Boston, MA 02108
Rachel.Brown@mass.gov

Date: April 5, 2024

## CERTIFICATE OF SERVICE

I, Rachel Brown, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and electronic copies were sent by email to those indicated as non-registered participants on April 5, 2024.

/s/ Rachel Brown
Rachel Brown
Assistant Attorney General