UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-13116-GAO

LOUISE HARRIS DADDEH, Personal Representative of the Estate of Moses Harris,
Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS, CITY OF LOWELL, LOWELL POLICE
DEPARTMENT OFFICERS JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3, LOWELL
FIRE DEPARTMENT FIREFIGHTERS JOHN DOE 4 AND JOHN DOE 5,
MASSACHUSETTS STATE TROOPERS JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, AND
JOHN DOE 9, LOWELL POLICE DEPARTMENT DETECTIVES JOHN DOE 10 AND JOHN
DOE 11, AND MASSACHUSETTS ENVIRONMENTAL POLICE OFFICERS JOHN DOE 12
and JOHN DOE 13,
Defendants.

ORDER
September 18, 2024

O'TOOLE, D.J.

Plaintiff Louise Harris Daddeh brought this action for damages against the defendants set forth in the caption on behalf of the decedent Moses Harris's estate. The plaintiff asserts various common law tort claims, common law and federal conspiracy claims, and a claim of deliberate indifference under 42 U.S.C. § 1983 and Massachusetts General Laws Chapter 12, Section 11*I* against the defendants set forth in the caption. The plaintiff also alleges claims against the City of Lowell under the *Monell* doctrine[1] and against defendant Officer Doe 1 for excessive force, assault, and battery. The defendants move to dismiss all counts for failure to state a viable claim. For the reasons set forth below, the defendants' motion is granted in its entirety.

---

[1] Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 694 (1978).

To survive a motion to dismiss for failure to state a claim, a complaint must plead facts that establish a plausible claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss, the court is obliged to accept the facts alleged in the complaint as true and "indulge every reasonable inference in [plaintiff's] favor." Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).

The complaint alleges the following facts:

16. At approximately 2:15 a.m. on Saturday, December 19, 2020, Moses Harris was in a vehicle registered to him parked in a parking lot near 850 Lawrence Street in Lowell, Massachusetts. The asphalt of the lot was mostly clear but surrounded by a substantial amount of snow. It was approximately 30 degrees Fahrenheit.

17. At the same time, Defendant-Officer John Doe 1 was investigating Mr. Harris's involvement in an alleged crime and traveled to the parking lot near 850 Lawrence Street.

18. Defendant-Officer John Doe 1 knew Mr. Harris was experiencing symptoms of a mental illness based on information he received from the dispatcher who dispatched him to locate and investigate Mr. Harris.

19. The dispatcher had received the information from Jerytza Montanez, who had called 911 for Mr. Harris's alleged involvement in a crime. Ms. Montanez told the dispatcher police should approach Mr. Harris cautiously because he was experiencing symptoms of a mental illness.

20. Defendant-Officer Doe 1 identified Mr. Harris's vehicle and parked his marked police vehicle behind and perpendicular to Mr. Harris's vehicle.

21. As Defendant-Officer Doe 1 was notifying the dispatcher of his discovery, Mr. Harris opened the front, driver's side door of his vehicle.

22. Defendant-Officer Doe 1 exited his vehicle.

23. Mr. Harris exited his vehicle and then slowly approached Defendant-Officer Doe 1 and his vehicle.

24. Defendant-Officer Doe 1, perceiving Mr. Harris to be a threat, withdrew his taser and displayed lasers on the ground in front of Mr. Harris.

25. Mr. Harris turned his body approximately ninety (90) degrees to the left, facing away from Defendant-Officer Doe 1 and toward the rear of the parking lot which was partially occupied by a construction zone along the Concord River.

26. As he turned, Mr. Harris raised both of his hands in the air and began walking toward the rear of the parking lot and the construction zone.

27. Defendant-Officer Doe 1 followed closely behind, matching Mr. Harris's pace.

28. After walking approximately thirty (30) feet from their vehicles, Mr. Harris began running toward the construction zone in the rear of the parking with Defendant-Officer Doe 1 in close pursuit.

29. Defendant-Officer John Doe 1 chased Mr. Harris to the bank of the Concord River.

30. Due to Defendant-Officer John Doe 1's actions, Mr. Harris ended up in the Concord River.

31. Mr. Harris was deathly afraid of water and did not know how to swim.

32. After Defendant-Officer John Doe 1 chased Mr. Harris to the bank of the Concord River, he told the LPD dispatcher that Mr. Harris was in the Concord River and gave his approximate location as near 576 Lawrence Street.

33. Defendant-Officer John Doe 1 lost sight of Mr. Harris approximately one hundred (100) yards along the Lawerence Street side of the Concord River. Defendant-Officer John Doe 1 told the dispatcher Mr. Harris's last location and his description, which included the articles of clothing Mr. Harris was wearing.

34. Defendant-Officer John Doe 1 never entered the Concord River in an attempt to rescue Mr. Harris nor made any other attempt to retrieve him from the river.

35. Mr. Harris was never seen alive again.

(Compl. ¶ 16-35 (dkt. no. 1).)

The complaint does not allege any affirmative acts by Officer Doe 1 that forced Mr. Harris into the river or prevented him from leaving the water. See Cohen as next friend of Cohen v. City of Portland, 110 F.4th 400, 408 (1st Cir. 2024) (upholding judgment against estate of suspect suffering from apparent psychotic episode who entered frigid water when chased by police officers). Consequently, the complaint fails to sufficiently allege any culpable misconduct by

defendant Officer Doe 1. The complaint does not sufficiently allege any identifiable misconduct by the remaining individual defendants who aided in the search for Mr. Harris or by the City of Lowell.

Based on the foregoing, defendants' Motion to Dismiss (dkt. no. 10) is GRANTED in its entirety. The case is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
